11-3014-ag
Chen v. Holder
BIA
Weisel, IJ
A097 868 188

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of May, two thousand twelve.

PRESENT:
>
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
>    *Circuit Judges.*

_____

EN HUI CHEN,
>    *Petitioner,*

v.                                    11-3014-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Peter D. Lobel, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Melissa Neiman-Kelting,
                       Senior Litigation Counsel; Jason
                       Wisecup, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

En Hui Chen, a native and citizen of China, seeks review of a June 28, 2011, decision of the BIA affirming the January 5, 2009, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re En Hui Chen*, No. A097 868 188 (B.I.A. June 28, 2011), *aff'g* No. A097 868 188 (Immig. Ct. N.Y. City Jan. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).

Chen challenges the agency's denial of his application for asylum and withholding of removal, arguing that he provided credible testimony and demonstrated a fear of future persecution in China on account of his Christian

2

faith.  We deny the petition for review, as the agency's adverse credibility determination is supported by substantial evidence. *Xiu Xia Lin*, 534 F.3d at 165-67.

For asylum applications, such as Chen's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim."  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  In finding Chen not credible, the agency reasonably relied on testimony that was internally inconsistent and conflicted with other evidence in the administrative record.  *Xiu Xia Lin*, 534 F.3d at 167.  Chen testified that he decided to leave China in 2006 because he was threatened with arrest for practicing his Christian faith by attending a house church.  However, Chen also testified that if his fiancée had not filed a petition for him, he would not have come to the United States, and the administrative record contains evidence of his intent to immigrate through his fiancée as

3

early as 2003. The agency reasonably concluded that Chen's embellishment of his motivation to leave China due to the threat of persecution undermined the credibility of his entire testimony, *see Belortaja v. Gonzales*, 484 F.3d 619, 625 (2d Cir. 2007), and the agency reasonably rejected his explanations that he wanted be with his fiancée in China and that going to the medical exam required for a visa did not demonstrate his intent to immigrate through his fiancée, *see Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). As the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Chen asserts that despite the adverse credibility determination, the record evidence demonstrates his eligibility for asylum and withholding of removal based on a pattern or practice of persecution of Christians in China. However, the agency reasonably concluded that Chen failed to establish a pattern or practice of persecution of Christians in China because the record did not compel the conclusion that persecution of Christians in China is both systematic

4

and pervasive. *Matter of A-M-*, 23 I&N 737, 740-41 (BIA 2005); *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). The only evidence on which Chen relies to support his pattern or practice claim is an International Religious Freedom Report. This report, standing alone, is insufficient to show the agency erred because it does not rebut the agency's conclusion that persecution in China is not systematic and pervasive. *Santoso*, 580 F.3d at 112. To the extent Chen argues that the BIA's review was inadequate to support its pattern or practice conclusion, he has not overcome the presumption that the agency has taken into account the evidence before it, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir. 2006), as the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk